UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA FOREST, LARYSA NAZARENKO, SVITLANA ANTOSHCHENKO, and GLENNICE SIMON, individually and on behalf of all persons similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>CITY OF NEW YORK, MOLLY PARK, in her official capacity as Commissioner, New York City Department of Social Services,[1] and LISA FITZPATRICK, in her official capacity as Administrator, New York City Human Resources Administration,<br><br>      Defendants. | Civ.  23-cv-00743<br><br>~~PROPOSED~~ ORDER CERTIFYING CLASS ACTION |

Whereas on January 27, 2023, Plaintiffs filed a motion for class certification (ECF Nos. 8, 9) seeking certification of a proposed class ("Proposed Class"); and

Whereas the Parties have agreed pursuant to a stipulation dated May 11, 2023 ("Stipulation"), that:

 a. A Proposed Class should be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure consisting of:

> All New York City residents who, since March 19, 2020, applied or recertified, attempted to apply or recertify, are applying or recertifying, or will apply or recertify for SNAP and/or cash assistance benefits; and (a) for whom HRA has not or will not timely process such applications or recertifications once submitted; or (b) who have been or will be unable to complete their applications or recertifications due to HRA's systems, policies, practices, and/or procedures relating to application or recertification submission, processing, or interviews, as

---

[1] Effective March 7, 2023, Gary Jenkins resigned as Commissioner of the New York City Department of Social Services. Molly Park succeeded Gary Jenkins as Commissioner of the New York City Department of Social Services. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Park is automatically substituted for Gary Jenkins as Defendant in this action.

      well as documentation or verification to establish eligibility, including benefit amount; and

b. All of the requirements of Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure are satisfied; and

c. Counsel for the Proposed Class consisting of the Legal Aid Society, the New York Legal Assistance Group, and Dechert LLP, meet the requirements of Rule 23(g) and will fairly and adequately represent the interests of the class.

THE COURT FINDS THAT:

1. The Proposed Class meets the requirements for class certification under Rule 23(a) of the Federal Rules of Civil Procedure, as set forth in Plaintiffs' motion for class certification (ECF Nos. 8, 9).

    a. The number of plaintiffs is so numerous that joinder of all class members is impracticable. There are thousands of members of the Plaintiff Class, and Class Members are financially disadvantaged and dispersed throughout New York City.

    b. Plaintiffs have alleged one or more questions of law or fact common to the class. These include whether (1) whether Defendants fail to timely process SNAP and Cash Assistance benefits applications and recertifications, and (2) whether Defendants' systems prevent households seeking SNAP and/or Cash Assistance benefits from applying and recertifying for those benefits.

    c. The Named Plaintiffs have alleged claims that are typical of the claims of the class. Each class member's claims arise from the same alleged course of conduct and are based on common legal arguments regarding Defendants' conduct and all Class Members will benefit from the Plaintiffs'

       action. The Named Plaintiffs are all New York City residents who are applying or recertifying for SNAP and/or Cash Assistance benefits.

    d. The Named Plaintiffs have been and are capable of fairly and adequately protecting the interests of the members of the Proposed Class. The Named Plaintiffs' interests are consistent with those of the other Proposed Class members, and Plaintiffs' counsel have extensive experience in complex class-action litigation and will adequately represent the interests of the class.

2. The Proposed Class meets the requirements for class certification under Federal Rule of Civil Procedure 23(b)(2), as Plaintiffs allege that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Specifically, Plaintiffs allege that Defendants are failing to (1) process applications and recertifications for these subsistence-level benefits within the timeframes required by federal and state law; and (2) maintain functional systems that enable SNAP and Cash Assistance households to submit applications and recertifications for these benefits. The Complaint seeks a declaration that Defendants' conduct violates the SNAP Act and implementing regulations (7 U.S.C. §§ 2020(e)(3),(4),(9), 2014(a); 7 C.F.R. §§ 273.2(a)(2), (g)(1), (i)(2), (i)(3)(i), and 273.14), and the New York State Social Services Law and implementing regulations (N.Y. Soc. Serv. Law §§ 131, 134-(a), 158(4), 349; 18 N.Y.C.R.R. §§ 350.3(b), 351.1(c)(1), 351.8, 351.20, 351.22, 351.26). Plaintiffs also seek to permanently enjoin and direct Defendants to comply with their obligations under the SNAP Act and New York Social Services Law.

3. Counsel for the Proposed Class consisting of the Legal Aid Society, the New York Legal Assistance Group, and Dechert LLP, meet the requirements of Rule 23(g) of the Federal Rules of Civil Procedure. They are counsel with extensive experience in both class actions and individual affirmative litigation in federal and state court, including on behalf of impoverished individuals challenging state and federal governmental actions depriving them of public assistance benefits. Counsel will fairly and adequately represent the interests of the class.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

    a. A Rule 23(b)(2) Class is certified consisting of:

> All New York City residents who, since March 19, 2020, applied or recertified, attempted to apply or recertify, are applying or recertifying, or will apply or recertify for SNAP and/or cash assistance benefits; and (a) for whom HRA has not or will not timely process such applications or recertifications once submitted; or (b) who have been or will be unable to complete their applications or recertifications due to HRA's systems, policies, practices, and/or procedures relating to application or recertification submission, processing, or interviews, as well as documentation or verification to establish eligibility, including benefit amount.; and

    b. Plaintiffs MARIA FOREST, LARYSA NAZARENKO, SVITLANA ANTOSHCHENKO, and GLENNICE SIMON are appointed as Class representatives; and

    c. Counsel from The Legal Aid Society, New York Legal Assistance Group and Dechert LLP are appointed as Counsel for the Class.

The Clerk of Court is directed to terminate ECF No. 8.

SO ORDERED: _____
Hon. Judge Jennifer H. Rearden, U.S.D.J.

Dated: New York, NY
          __June__, _27_ 2023