UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA FOREST, LARYSA NAZARENKO, SVITLANA ANTOSHCHENKO, and GLENNICE SIMON, individually and on behalf of all persons similarly situated,

                Plaintiffs,

vs.

CITY OF NEW YORK, MOLLY PARK, in her official capacity as Commissioner, New York City Department of Social Services,[1] and LISA FITZPATRICK, in her official capacity as Administrator, New York City Human Resources Administration,

                Defendants.

Civ. 23-cv-00743

~~PROPOSED~~ ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

---

Whereas on January 27, 2023, Plaintiffs filed a motion for preliminary injunction (ECF No. 6) seeking preliminary relief on behalf of Named Plaintiffs and on behalf of all others similarly situated, ("the Proposed Class").

Upon consideration of Plaintiffs' Motion, any oppositions thereto and any reply brief; the full records and evidence submitted in this matter; the applicable statutes and case law; and being otherwise duly advised in the premises and for good cause shown, the Court finds that Plaintiffs have demonstrated a likelihood of success on the merits of their claims, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities is in their favor, and that an injunction is in the public interest. Specifically, Plaintiffs have shown that they have a right to

---

[1] Effective March 7, 2023, Gary Jenkins resigned as Commissioner of the New York City Department of Social Services. Molly Park succeeded Gary Jenkins as Commissioner of the New York City Department of Social Services. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Park is automatically substituted for Gary Jenkins as Defendant in this action.

timely benefits and that Defendants failed, and continue to fail, to comply with their obligations under federal and New York State law.

Accordingly, it is hereby ordered that Defendants will undertake each of the measures described below:

1. **Obligations to Comply with Statutorily Required Timely Processing Provisions**

    Defendants are obligated by federal and state law to meet the processing timelines set forth below. In citing the statutory and regulatory provisions herein, the parties do not intend to create rights or obligations not grounded in the statutes and regulations themselves.

    a. Defendants have an obligation to provide SNAP benefits to eligible applicants as soon as possible, but no later than thirty calendar days following the date the application was filed, as required by 7 U.S.C. § 2020(e)(3) (SNAP); 7 C.F.R. § 273.2(g) (SNAP). Defendants have an obligation to determine eligibility for Cash Assistance within thirty days of receiving an application and authorize the first payment no later than thirty days from the date of application. N.Y. Soc. Serv. Law § 158(4) (Safety Net Assistance); 18 N.Y.C.R.R. § 369.6(a) (Family Assistance); 18 N.Y.C.R.R. § 351.8(c).

    b. Defendants have an obligation to provide expedited service of SNAP applications to households eligible for such expedited service no later than the seventh calendar day following the day the application is filed, as required by 7 U.S.C. § 2020(e)(9); 7 C.F.R. § 273.2(i)(2); and 18 N.Y.C.R.R. § 387.8(a)(2)(i).

    c. For each household that (i) files a recertification for SNAP benefits or SNAP and CA benefits no later than fifteen days prior to the day upon which the

      certification period expires and (ii) is found to be eligible, Defendants have an obligation to provide the SNAP allotment no later than one month after the household received its last allotment issued pursuant to the prior certification period, as required by 7 U.S.C. § 2020(e)(4); 7 C.F.R. §§ 273.14(c)(2), (d).

   d. For eligible households that file a recertification for SNAP benefits or SNAP and CA benefits before the end of the certification period but the recertification process cannot be completed within 30 days after the date of application because of Defendants' fault, Defendants have an obligation to continue to process the case and provide a full month's allotment for the first month of the new certification period, as required by 7 C.F.R. § 273.14(e)(1).

**2. Definitions**

For purposes of this order:

   a. The term "CA-only" means a case in which a household is an applicant for or recipient of CA benefits, but the household is not an applicant for or recipient of SNAP benefits.

   b. The term "SNAP-only" or "NCA-SNAP" means a case in which a household is an applicant for or a recipient of SNAP benefits, but the household is not an applicant for or recipient of CA benefits.

   c. The term "CA-SNAP" means a case in which a household is an applicant for or recipient of CA benefits and SNAP benefits.

   d. The term "Expedited SNAP" or "ESNAP" means expedited service of SNAP benefits as defined in Paragraph 1(b) above.

   e. The term "HASA" means HIV/AIDS Services Administration (HASA).

    f.   The term "Application" means the process of establishing eligibility for SNAP and/or CA benefits when a person does not currently have an active case.

    g.   The term "Recertification" means the process of renewing eligibility for SNAP and/or CA benefits.

    h.   The terms "Overdue SNAP-Only Recertifications," "Overdue CA Recertifications," and "Overdue HASA CA and HASA CA-SNAP Recertifications" mean Recertifications not processed by the expiration date of the authorization period for the benefit.

**3. Compliance**

By March 31, 2024, ~~Defendant~~ Defendants shall come in full compliance with all federal and state timely processing requirements for SNAP and CA Applications and Recertifications as set forth in Paragraph 1.

**4. Benchmarks**

To bring Defendants into full compliance as described in Paragraph 3, Defendants will achieve the following benchmarks for timely processing for SNAP-Only Applications and Recertifications; and CA-only and CA-SNAP Applications and Recertifications:

    a.   **SNAP-only Applications and Recertifications:** Defendants will reduce the number of SNAP-Only Applications and Recertifications pending for more than 30 days to no more than 800 cases by July 31, 2023.

    b.   **CA-Only and CA-SNAP Applications and Recertifications:** On or before July 28, 2023, the Parties will file a "Benchmark Stipulation" specifying benchmarks by which Defendants will reduce the number of CA-Only and CA-

      SNAP Applications and Recertifications pending for more than 30 days. At a minimum, these benchmarks will specify the backlog reductions to be achieved by July 31, 2023, September 30, 2023, November 30, 2023, and February 28, 2024.

  c. If Defendants fail to achieve a benchmark as set forth in paragraph 4(a) above or the Benchmark Stipulation, Defendants must provide Plaintiffs with a letter within 15 days of the date of the failure and provide a corrective action plan explaining any steps that will be taken to achieve subsequent benchmarks and full compliance.

**5. <u>Monitoring</u>**

  a. Defendants will provide Plaintiffs with monthly reporting to allow Plaintiffs to assess compliance with Paragraphs 3 and 4:

      i. Number of CA applications submitted for prior month. This number will include both CA-only and CA-SNAP Applications.

      ii. The number of SNAP-Only applications submitted for prior month.

      iii. The number of CA Recertifications due in the coming month. This number will include both CA-only and CA-SNAP Recertifications.

      iv. The number of SNAP-Only Recertifications due in the coming month.

      v. The number of SNAP-Only Applications pending more than 30 days, broken out by the month of submission.

      vi. The number of Overdue SNAP-Only Recertifications, broken out by the month in which the authorization expires.

vii. The number of CA Applications pending more than 30 days, broken out by the month of submission. This number will include both CA-only and CA-SNAP Applications.

viii. The number of Overdue CA Recertifications, broken out by the month in which the authorization expires. This number will include both CA-only and CA-SNAP Recertifications

ix. The number of HASA CA and HASA CA-SNAP Applications pending more than 30 days, broken out by the month of submission.

x. The number of Overdue HASA CA and HASA CA-SNAP Recertifications, broken out by the month in which the authorization expires.

xi. Starting in September 2023, the number of CA-SNAP applications eligible for ESNAP benefits and
   1. the number who received those benefits within 7 days, and
   2. the number who did not receive ESNAP benefits.

xii. The number of SNAP-Only Applications eligible for ESNAP benefits and
   1. the number who received those benefits within 7 days, and
   2. the number who did not receive ESNAP benefits.

Dated: July 14, 2023
New York, New York

| | |
|---|---|
| */s/ Kathleen M. Kelleher* | /s/ *Jonathan Pines* |
| Kathleen M. Kelleher<br>The Legal Aid Society<br>199 Water Street, 3rd Floor<br>New York, NY 10038<br>(212) 577-3307<br>kkelleher@legal-aid.org | Jonathan Pines<br>Dep. Chief, General, Litigation Division,<br>NYC Law Department,<br>100 Church Street, Rm. 2-178<br>New York, NY 10007<br>(212) 356-2082<br>jpines@law.nyc.gov |
| | **Attorney for Defendant** |
| Benjamin E. Rosenberg<br>Dechert LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 698-3500<br>benjamin.rosenberg@dechert.com | |
| Julia Russell<br>New York Legal Assistance Group<br>100 Pearl St., 19th Floor<br>New York, NY 10004<br>(212) 613-5000<br>jrussell@nylag.org | |

**Attorneys for Plaintiffs**


SO ORDERED:   _____
              Hon. Judge Jennifer H. Rearden, U.S.D.J.

Dated:        New York, NY
              _____July_____ __18,__ 2023