UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA FOREST, LARYSA NAZARENKO, SVITLANA ANTOSHCHENKO, and GLENNICE SIMON, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF NEW YORK, MOLLY PARK in her official capacity as Commissioner, New York City Department of Social Services / Human Resources Administration, and SCOTT FRENCH, in his official capacity as Administrator, New York City Human Resources Administration,<br><br>Defendants.[1] | Civ. 1:23-cv-00743-JHR |

**DECLARATION OF EMILY R. LUNDGREN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Emily R. Lundgren, declare as follows:

1.  I am a staff attorney at The Legal Aid Society and counsel of record for Plaintiffs in this action. I am an attorney at law licensed to practice in the State of New York, and I am a member of the bar of this Court. I have personal knowledge of the facts set forth in this declaration.

---

[1] Effective March 7, 2023, Gary Jenkins resigned as Commissioner of the New York City Department of Social Services. Effective October 30, 2023, Lisa Fitzpatrick resigned as Administrator of the New York City Human Resources Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Molly Wasow Park is automatically substituted for Gary Jenkins and Scott French is automatically substituted for Lisa Fitzpatrick as Defendants in this action.

1

2.  I make this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.[2]

3.  Attached hereto as Exhibit 1 is a true and complete copy of the Parties' Stipulation of Class Action Settlement ("Stipulation" or "Settlement").

4.  Attached hereto as Exhibit 2 is a [Proposed] Order Preliminarily Approving the Proposed Class Action Settlement

5.  Attached hereto as Exhibit 3 is a [Proposed] Notice of Settlement to be distributed to class members.

**Procedural History**

6.  Class counsel have spent nearly three years litigating this case on behalf of applicants and recipients of Cash Assistance and Supplemental Nutrition Assistance Program ("SNAP") benefits.

7.  On January 27, 2023, Plaintiffs filed this class action alleging Defendants' failures to (1) timely process SNAP and CA applications and recertification and provide benefits to all eligible households; and (2) provide reliable access to functional SNAP and CA application and recertification processes, thereby unlawfully depriving members of the Class of benefits to which they are entitled in violation of state and federal laws and the Due Process Clause of the United States Constitution.

8.  Plaintiffs filed their Motion to Certify Class and Motion for Preliminary Injunction the same day.

---

[2] Unless otherwise noted, all capitalized terms used in this Declaration have the meanings ascribed to in the Stipulation of Settlement attached as Exhibit 1.

9. On May 11, 2023, 2023, after several months of negotiations the Parties stipulated to the certification of a class defined as:

> All New York City residents who, since March 19, 2020, applied or recertified, attempted to apply or recertify, are applying or recertifying, or will apply or recertify for SNAP and/or cash assistance benefits; and (a) for whom HRA has not or will not timely process such applications or recertifications once submitted; or (b) who have been or will be unable to complete their applications or recertifications due to HRA's systems, policies, practices, and/or procedures relating to application or recertification submission, processing, or interviews, as well as documentation or verification to establish eligibility, including benefit amount.

10. After two additional months of negotiation, the Parties were able to resolve Plaintiffs' Motion for a Preliminary Injunction and on July 14, 2023, the Parties filed a Joint Proposed Order for Preliminary Injunction. The Preliminary Injunction Order required Defendants to comply with their obligations under federal and state law to meet specific processing timelines for applications and recertifications for SNAP and CA benefits. The Preliminary Injunction Order further contemplated that the Parties would file an additional proposed Benchmark Stipulation which would specify intermediate benchmarks to track and evaluate Defendants' progress.

11. On August 4, 2023, the Parties filed the Revised Proposed Benchmark Stipulation and Order ("Revised Order"), which was granted by the Court on August 7, 2023. The Revised Order required Defendants to meet a series of phased compliance benchmarks intended to bring Defendants' administration of the SNAP and CA systems into substantial compliance with federal and state law.

12. Defendants maintained substantial compliance with the benchmarks throughout discovery and settlement negotiations.

**Discovery**

13. From September 2023 until approximately summer 2024, the Parties engaged in extensive discovery. The Parties engaged in numerous meet-and-confers with respect to their discovery demands and responses thereto and raised multiple discovery disputes; some were resolved consensually, and others were presented to the Court for resolution. The parties ultimately exchanged approximately thousands of documents, including tens of individual client files and hundreds of policies and procedures.

**Settlement Negotiations**

14. In or around late summer 2024, the Parties agreed to commence settlement negotiations.

15. The Parties engaged in multiple negotiation sessions, resulting in the Stipulation. These negotiations included dozens of telephone and video conferences between the Parties; the filing of letters to the Court regarding the status of settlement negotiations; and the exchange of dozens of drafts of proposals, stipulations, settlement language, and related questions. The Parties also engaged in informal discovery throughout settlement negotiations and Defendants regularly reported on the timely processing of application and recertifications and phone interview call-time metrics.

16. Throughout the litigation, Plaintiffs have submitted approximately 250 individual requests for relief to Defendants. Through these intervenor requests, Plaintiffs were able to remain current on the application and recertification processing issues facing class members. Further, the Parties were informed by these requests when crafting relief in the Settlement Agreement.

17. The parties have now reached agreement on the terms of a settlement that would resolve this class action and executed a Settlement Agreement on November 13, 2025.  Ex. 1. The

Parties agreed to the terms of the Settlement through experienced counsel with the benefit of extensive discovery. Ultimately, the Parties reached a fair and reasonable compromise after negotiating the terms of the settlement at arm's length

**Settlement Terms**

18. The Settlement secures significant commitments from HRA to improve the systems by which New York City residents apply for and maintain essential benefits.

19. Specifically, the Settlement provides that the Human Resources Administration ("HRA") will (i) comply with all federal and state timely processing requirements for SNAP and CA applications and recertifications; (ii) improve the eligibility interview process by shortening call wait times, enhancing call-back procedures, and affirming the right to complete an in-person interview; (iii) streamline document submission to avoid erroneous denials; (iv) develop procedures and provide training to workers to improve outcomes; and (v) produce extensive reporting so that Plaintiffs may monitor Defendants' progress.

20. The Class Settlement Notice provides class members with adequate information about the settlement terms.

21. The Parties will distribute the Class Settlement Notice to class members by physically posting the notice in English and in Spanish in all HRA Centers, including SNAP Centers, Benefits Access Centers and HASA Centers and in all HRA Offices in New York City Housing Courts. Defendants will also make the Class Settlement Notice available to Class members in all other Local Law 30 languages digitally through a QR code or a physical copy upon request at any of the above listed locations. Class Counsel will also post the Class Settlement Notice to the websites of the New York Legal Assistance Group and The Legal Aid Society and will electronically distribute it to other legal service providers, community-based organizations,

and elected officials. The Class Settlement Notice will direct Class members to the NYLAG website, which will have additional information.

**Evaluation of the Settlement**

22. Plaintiffs' counsel of record, who were previously appointed as class counsel in Judge Rearden's June 27, 2023 Order, includes experienced litigators with class action expertise in matters of similar size, scope, and complexity to the instant action.

23. Class Counsel believes that this settlement is more than warranted given that the expense, duration, and complexity of protracted litigation, would be substantial.

24. Moreover, this Settlement represents an excellent outcome for the Class. The Settlement establishes a framework to ensure that SNAP and Cash Assistance applicants and recipients obtain fair and efficient processing of their applications and recertifications within the timeframes established by law. The Settlement requires that HRA take specific concrete steps to improve the experience of applicants and recipients seeking benefits to feed their families and pay their rent.

25. Plaintiffs and Class Counsel believe the relief provided by the Settlement weighs heavily in favor of a finding that the Settlement is fair, reasonable, and adequate, and well within the range of approval.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above and foregoing is true and accurate. Executed this 5th day of December, 2025 at New York, New York.**

                                                                 _/s/ Emily Lundgren_
                                                                 **Emily R. Lundgren**