UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA FOREST, *et al.*,

                Plaintiffs,

vs.

CITY OF NEW YORK, *et al.*,

                Defendants.

Civil Action No. 1:23-cv-00743

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, APPROVING CLASS NOTICE, AND SCHEDULING FAIRNESS HEARING**

JENNIFER H. REARDEN, United States District Judge:

    This matter comes before the Court on the unopposed motion of Plaintiffs, on behalf of themselves and Class Members (as defined in the Order Certifying Class Action, ECF No. 51), for preliminary approval of the Stipulation of Settlement (the "Settlement Agreement") dated November 13, 2025 ("Execution Date"), and related relief. Defendants, the City of New York, the Commissioner of the New York City Department of Social Services, and the Administrator of the New York City Human Resources Administration, consent to the preliminary approval of the Settlement Agreement. The Court has reviewed the Settlement Agreement and the documents submitted in support of the motion, and good cause appearing,

**NOW IT IS HEREBY ORDERED AS FOLLOWS:**

    1.    <u>Definitions</u>. For the purposes of this Order, the Court adopts by reference the definitions set forth in the section titled "DEFINITIONS" of the Settlement Agreement.

    2.    <u>Settlement Approval</u>. The Court preliminarily approves the proposed Settlement as set forth in the Settlement Agreement as being sufficiently fair, reasonable, and adequate to the Class, and finds that it is the result of intensive arms'-length negotiations between experienced

1

attorneys familiar with the legal and factual issues of this case. Specifically, the Court provisionally finds that the relief provided for in the Settlement Agreement is fair, reasonable, and adequate, and provides valuable relief to the Class.

3. <u>Notice to Class Members</u>. The Court approves the form and content of the Class Settlement Notice as follows:

    a. The Court finds that the proposed Class Settlement Notice, attached as Exhibit 2 to the Declaration of Emily Lundgren, will fully and accurately inform potential Class Members of all material elements of the Settlement Agreement and the right to object to the Settlement.

    b. The Court finds that the following plan to distribute the Class Settlement Notice provides the best notice practicable under the circumstances, constitutes due and sufficient notice to the Class, and complies with the requirements set forth under Federal Rule of Civil Procedure 23 and any other applicable law.

    c. The Court expressly authorizes the following methods of notice to be implemented within sixty (60) days:

        i. Defendants will cause the Class Settlement Notice to be posted in a visible place at the following locations, and will ensure the Class Settlement Notice remains posted for at least 30 days thereafter (the "Notice Period") and until the fairness hearing is held:

           1. On the HRA website;

           2. On the ACCESS HRA web browser portal;

    3. At all Benefits Access Centers, SNAP Centers, and HASA Centers; and

    4. At all client-facing NYC HRA offices located within the Civil Court of the City of New York: Housing Parts.

ii. For the locations listed in (i)(3)-(4), Defendants may satisfy their obligation to post the Class Settlement Notice by:

    1. Posting the Class Settlement Notice in English and Spanish;

    2. Providing access to the Class Settlement Notice in all other Local Law 30 languages by posting the QR Code Flyer; and

    3. Providing a physical copy of the Revised Notice in all Local Law 30 languages (other than English and Spanish) upon request.

iii. Class Counsel will post the Class Settlement Notice on the website of the New York Legal Assistance Group and the website of The Legal Aid Society.

iv. Class Counsel will electronically distribute the Class Settlement Notice to legal services providers, community-based organizations, and elected officials and request that these organizations and individuals post copies of the Class Settlement Notice.

v. Class Counsel will provide throughout the Notice Period, a dedicated email address and dedicated phone number for Class members to contact them to obtain information related to the proposed settlement.

4.	<u>Fairness Hearing</u>.  A Final Approval and Fairness Hearing will be held on _____ [date] at _____ [time].  Any Class Member shall have the right to present objections to the Settlement in advance of the Fairness Hearing.  Class Members may present their objections via phone call to Class Counsel at (212) 298-3100, or via email to Class Counsel at ForestLawsuit@nylag.org, and notify Class Counsel if they also wish to speak at the Fairness Hearing.  Class Counsel will provide Defendants' counsel with copies of any objections they receive within three business days of receipt and will file any objections they receive with the Court before the Fairness Hearing.  The Fairness Hearing will be held at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY, Courtroom 12B.

5.	<u>Attorneys' Fees</u>.  If the Parties have not reached an agreement with regard to attorneys' fees by the date of the Fairness Hearing, Plaintiffs' counsel shall submit an application for attorneys' fees within 90 days after the Fairness Hearing. Defendants retain all rights to challenge the reasonableness of Plaintiffs' attorneys' fees.

6.	<u>Final Approval</u>.  Papers in support of a motion for entry of a Final Approval Order shall be filed with the Court on or before _____ [no later than fourteen business days before the date of the Fairness Hearing].  ~~Any responses to objections to the proposed Settlement Agreement, and any further papers in support of the motion for entry of the Final Approval Order, shall be filed with the Court on or before _____ [no later than ten business days after the date of the Fairness Hearing].~~

7.	<u>Termination</u>.  This Order shall terminate in the event that the Court denies the motion to enter the Final Approval Order following the Fairness Hearing, or the Settlement Agreement is rejected by the mandate of an appellate court.  In such event, the Settlement Agreement shall be null and void and shall have no force or effect, no party shall be bound by any

of its terms, all parties and Class Members shall be restored to their respective positions existing immediately before the Execution Date, and any order entered by the Court in accordance with the Settlement Agreement shall be treated as vacated.

**SO ORDERED.**

Dated: _____              _____
New York, New York                              **JENNIFER H. REARDEN UNITED STATES DISTRICT COURT JUDGE**