UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA FOREST, LARYSA NAZARENKO, SVITLANA ANTOSHCHENKO, and GLENNICE SIMON, individually and on behalf of all persons similarly situated,

                    Plaintiffs,

vs.

CITY OF NEW YORK, ERIN DALTON in her official capacity as Commissioner, New York City Department of Social Services / Human Resources Administration, and SCOTT FRENCH, in his official capacity as Administrator, New York City Human Resources Administration,

                    Defendants.[1]

**Civ. 1:23-cv-00743-JHR**

~~**[PROPOSED]**~~ **ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

---

JENNIFER H. REARDEN, District Judge:

This matter comes before the Court on Plaintiffs' motion, on behalf of themselves and Class Members (as defined in the Order Certifying Class Action, ECF No. 51), for final approval of the Stipulation of Settlement (the "Settlement Agreement"), dated November 13, 2025 ("Execution Date") and attached as Exhibit A to the Supplemental Declaration of Emily Lundgren.  ECF No. 138-1.

**WHEREAS**, the Parties have agreed to a settlement of this action, the terms of which are set forth in the Settlement Agreement;

---

[1] Effective March 2, 2026, Erin Dalton was appointed Commissioner of the New York City Department of Social Services. Effective October 30, 2023, Lisa Fitzpatrick resigned as Administrator of the New York City Human Resources Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Erin Dalton is automatically substituted for Molly Wasow Park, and Scott French is automatically substituted for Lisa Fitzpatrick as Defendants in this action.

1

**WHEREAS**, this Court held a preliminary approval conference on March 2, 2026 to discuss the proposed Class Settlement Notice, and on March 16, 2026, the parties filed a revised proposed Class Settlement Notice reflecting that discussion, ECF No. 130.

**WHEREAS**, this Court preliminarily approved the proposed Settlement Agreement on March 27, 2026, and ordered the Parties to distribute the Class Settlement Notice as described in the Court's Order Preliminarily Approving Class Settlement, Approving Class Notice, and Scheduling Fairness Hearing (ECF #135);

**WHEREAS**, on June 30, 2026, the Court held a Fairness Hearing to consider whether the Settlement Agreement is fair, reasonable, and adequate to the Class;

**WHEREAS**, the Court has reviewed the objections filed by Class Members. ECF Nos. 138-3–8; ECF No. 139. No Class Members appeared at the Fairness Hearing to voice objections or provide other feedback regarding the proposed Settlement Agreement;

**WHEREAS**, the Court has thoroughly reviewed the record in this Action, including the Settlement Agreement, Plaintiffs' Memorandum of Law in Support of Preliminary Approval of Class Action Settlement ("Plaintiffs' Preliminary Approval Memorandum"), Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Plaintiffs' Final Approval Memorandum"), and declarations and exhibits submitted therewith, and for the reasons stated on the record at the June 30, 2026 Fairness Hearing, enters the following Order:

**NOW IT IS HEREBY ORDERED AS FOLLOWS**:

1. <u>Definitions</u>:  For the purposes of this Order, the Court adopts by reference the definitions set forth in the section titled "DEFINITIONS" of the Settlement Agreement.

2. <u>Notice</u>: The Court finds that the distribution of notice to the Class: (*i*) constituted the best practicable notice; (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the nature and terms of the proposed Settlement and Class Members' right to object to the proposed Settlement; (*iii*) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to

receive notice; and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable law.

3.    <u>Settlement Approval</u>: The Court has reviewed the terms of the proposed Settlement Agreement, Plaintiffs' motions in support of preliminary and final approval of the Settlement Agreement, and the objections submitted by Class Members. The Court approves the Settlement Agreement as fair, reasonable, and adequate, and finds that it is the result of intensive, arm's-length negotiations between experienced attorneys familiar with the legal and factual issues of this case.

4.    <u>Attorneys' Fees and Costs</u>: Pursuant to Paragraph 66 of the Settlement Agreement, the Parties will attempt to negotiate in good faith the amount of reasonable attorneys' fees and costs owed to Plaintiffs. If the Parties are unable to reach an agreement on the amount that Defendants will pay for attorneys' fees and costs, Plaintiffs' Counsel may make an application to the Court pursuant to Rule 54 of the Federal Rules of Civil Procedure within 90 days of the date of the Fairness Hearing, September 28, 2026.  If the parties require additional time, they shall so inform the Court at least fifteen days before that date.

5.    <u>Releases</u>: The release of claims, as set forth in Paragraphs 57-58 of the Settlement Agreement, is expressly incorporated herein in all respects.

6.    <u>Dismissal of Released Claims</u>: The Released Claims, as described in Paragraphs 57-58 of the Settlement Agreement, are hereby dismissed with prejudice according to the terms of the Settlement Agreement.

7.    <u>Jurisdiction</u>: The Court has jurisdiction over the subject matter of the Action, the Named Plaintiffs, Class Members, and Defendants, and has jurisdiction to enter this Order.  The Court expressly retains jurisdiction to adjudicate any motion for Attorneys' Fees and

Costs filed by Plaintiffs and for the purposes of enforcing the terms of the Settlement

Agreement until the end of the Effective Period, as described in paragraph 56 of the

Settlement Agreement.

The Clerk of Court is directed to terminate ECF No. 136.

**SO ORDERED.**

Dated: ____July 1, 2026_____
New York, New York

_____
**JENNIFER H. REARDEN**
**United States District Court Judge**

4